```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

MANSON FISHER,                   :

    Petitioner,              :

v.                               :      CIVIL ACTION 06-0855-WS-M

KENNETH JONES,                   :

    Respondent.              :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied as this Court does not have jurisdiction over it,[1] that this action be dismissed, and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner Manson Fisher on all claims.

Petitioner was convicted of capital murder on December 2, 1988, in the Washington County Circuit Court for which he received a life sentence, without the possibility of parole, in the State penitentiary (Doc. 1, pp. 1-2).  Appeal was made to the

---

[1] The Court notes that Petitioner has also filed a Motion to Amend his Petition so that he may add claims to those already raised (Doc. 21).  Because of the Court's decision that it does not have jurisdiction over this action, Petitioner's Motion is **DENIED**.

Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (*id.* at p. 3); Johnson sought *certiorari* in the Alabama Supreme Court, but it was denied (*id.*).

Fisher filed his first federal habeas petition in this Court on August 27, 1998 (*see* Doc. 18, Exhibit A, p. 2).  The undersigned entered a report, recommending that the action be dismissed as time-barred pursuant to 29 U.S.C. § 2244(d) (*see* Doc. 18, Exhibit A); Senior U.S. District Judge Hand adopted the report and recommendation and dismissed the action.  *Fisher v. Mitchum*, Civil Action 98-0871-BH-M (S.D. Ala. April 20, 2000).

Petitioner filed a second habeas petition in this Court on September 21, 2001 on this same conviction (*see* Doc. 18, Exhibit A, p. 3).  A recommendation was entered that the petition be dismissed as successive as Fisher had failed to secure authorization from the Eleventh Circuit Court of Appeals to file the petition (Doc. 18, Exhibit A).  On January 3, 2002, U.S. District Judge Butler adopted the report and recommendation and entered judgment against Fisher.  *Fisher v. Bullard*, Civil Action 01-0665-X-L (S.D. Ala. January 3, 2002).

On January 26, 2006, Petitioner filed a third habeas petition, this time in the Northern District of Alabama (*see* Doc. 18, Exhibit B, p. 1).  A report was entered, recommending that the action be dismissed as Petitioner had again failed to obtain authorization from the Eleventh Circuit to file the petition (Doc. 18, Exhibit B).  On June 5, 2006, that report and

2

recommendation was adopted as the opinion of the Court and the action was dismissed.  *Fisher v. Jones*, Civil Action 07-0180-TMP (N.D. Ala. June 5, 2006).

Petitioner filed the current habeas petition—his fourth—with this Court on December 15, 2006, raising the claims that he was denied equal protection of the laws because of the State's purposeful striking of Blacks from the jury, that he was denied expert assistance, and that the jury venire was not placed under oath prior to the voir dire examination (Doc. 7).  Respondent has argued that this action should be dismissed because this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as Fisher has previously filed three federal habeas petitions (Doc. 18, pp. 4-5).  Respondent further asserts that this petition should be dismissed as it is successive (*id.*).  The statute to which Respondent refers states the following:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The Court notes that Petitioner has candidly admitted, in his present petition, that he has previously filed one federal habeas petition (Doc. 7, p. 9, ¶ 14).  Court records, however, confirm two previous petitions, in this Court alone, and that judgments were entered against him in those petitions.

3

The Court further notes that Petitioner has provided no evidence that he has been given the authority to file this action (Doc. 20).  Because Petitioner filed his fourth habeas petition here, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be dismissed as this Court does not have jurisdiction to review it.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original

brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 20th day of March, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE