IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MANSON FISHER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION 06-0855-WS-M |
| | ) |
| KENNETH JONES, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

    This matter is before the Court on petitioner Manson Fisher's Application for Certificate of Appealability ("COA") (doc. 27).

    On March 28, 2007, the Court entered an Order (doc. 24) dismissing for want of jurisdiction Fisher's Petition for Writ of Habeas Corpus by a Person in State Custody (doc. 7) pursuant to 28 U.S.C. § 2254.  Petitioner argued that he was entitled to federal habeas relief from his 1988 conviction and life sentence of imprisonment imposed by the Circuit Court of Washington County, Alabama on charges of capital murder, on the following grounds: (a) denial of equal protection because the State systematically and purposely struck blacks and women from the jury, (b) denial of expert assistance, and (c) failure to place the jury venire under oath prior to voir dire examination.  The § 2254 Petition candidly admits that Fisher previously filed a federal habeas petition concerning this conviction, captioned *Fisher v. Mitchum*, Civil Action 98-0871-BH-M.  Judgment was entered against Fisher on that petition on April 20, 2000, on the grounds that said § 2254 petition was time-barred.  Furthermore, the file reflects that Fisher has filed two subsequent § 2254 petitions concerning the same 1998 conviction, one such petition being filed in September 2001 and the other in January 2006.  Both actions were dismissed because Fisher had failed to obtain authorization from the Eleventh Circuit to file a second or successive petition for habeas corpus relief.  The instant federal habeas corpus petition is Fisher's fourth, all relating to the same underlying conviction.

    In dismissing Fisher's present § 2254 Petition, the undersigned adopted a Report and Recommendation (doc. 22) entered by Magistrate Judge Milling on March 20, 2007.  That

Report pointed out that Fisher had previously filed three § 2254 petitions in unsuccessful collateral attacks on the very 1988 conviction and sentence that are the subject of the instant petition.  Magistrate Judge Milling recommended, and this Court found, that the instant § 2254 Petition is Fisher's fourth petition seeking federal habeas corpus relief from the same underlying conviction and sentence, and that Fisher failed to seek authorization from the Eleventh Circuit Court of Appeals before filing this successive § 2254 Petition.  The Court concluded that dismissal of Fisher's current § 2254 Petition was therefore required under 28 U.S.C. § 2244(b)(3)(A), which provides as follows: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.*  The law of this Circuit is quite clear that a federal district court is without jurisdiction to consider a second or successive habeas petition that has been filed without appropriate authorization from the Eleventh Circuit.  *See Hill v. Crosby*, 437 F.3d 1084, 1085 (11th Cir. 2006) (opining "that the district court lacked jurisdiction to consider appellant's claim because it is the functional equivalent of a successive habeas petition and he failed to obtain leave of this court to file it"); *Fugate v. Department of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002) (similar).  In light of Fisher's failure to adhere to the statutory prerequisites for filing a second or successive § 2254 Petition, the undersigned dismissed his petition for lack of jurisdiction.

On April 12, 2007, Fisher filed a Notice of Appeal (doc. 26) and Application for Certificate of Appealability.  His appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  *Id.*  Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a habeas corpus proceeding for relief from detention originating in state court process.  *See, e.g., Medberry v. Crosby*,  351 F.3d 1049, 1063 (11th Cir. 2003).  "The certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination." *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004).  A COA is required for an appeal by a state court prisoner in any action brought under

either 28 U.S.C. § 2241 or § 2254, inasmuch as the detention complained of arises out of process issued by a state court regardless of which statute is invoked.  *See Medberry*, 351 F.3d at 1063 & n.9; *see also Sawyer v. Holder*, 326 F.3d 1363, 1364 n. 3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal.").

It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997).  This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253.  *Hardwick,* 126 F.3d at 1313.  In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason.  *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted).  More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's  "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard).

Where a district court denies a habeas petition on procedural grounds distinct from the merits of the underlying claims, "a COA should issue only if the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Lawrence v. Florida*, 421 F.3d 1221, 1225 (11th Cir. 2005)

(citation omitted).  In that instance, both showings must be made before the appeal may be entertained.  *See id.*; *see also Gonzalez*, 366 F.3d at 1267 (where habeas petitioner appeals from procedural ruling, a COA may issue only if the petitioner makes a substantial showing that the procedural ruling was wrong and also makes a substantial showing that he had a valid claim of denial of a constitutional right).

In this action, the following facts are uncontroverted: (a) Fisher has previously filed not one, but three federal habeas petitions seeking to overturn his conviction and sentence in this matter; and (b) Fisher has neither requested nor received permission from the Eleventh Circuit to file a successive § 2254 Petition in this District Court.  Under these circumstances, § 2244(b)(3) poses an absolute jurisdictional bar to this Court's ability to hear Fisher's current petition, and mandates its dismissal.  Fisher has made no substantial legal or factual showing to the contrary.[1]  Accordingly, this Court concludes that jurists of reason would not find it debatable whether the procedural ruling dismissing the § 2254 Petition is correct.  The Application for Certificate of Appealability (doc. 27) is **denied**.

DONE and ORDERED this 25th day of April, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] At most, Fisher's Application for COA argues that the second or successive rule of § 2244(b)(3) is inapplicable here because his first petition was not adjudicated on the merits. It is undisputed, however, that Fisher's first habeas corpus petition was dismissed as time-barred. As a matter of law, dismissal of a habeas corpus petition on statute of limitations grounds constitutes an adjudication on the merits for purposes of § 2244(b)(3)'s second or successive petition requirements.  *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that a prior untimely petition counts for § 2244(b) purposes because "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims").  As such, Fisher's contention that his untimely 1998 habeas corpus petition does not "count" as a prior application for § 2244(b) purposes is devoid of merit, and could not be reasonably debated by jurists of reason.